1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   JENA KEARNS; JONE RODLEY; and          Case No.:  18cv0003-MMA (JLB)
     THE RODLEY FAMILY TRUST,
12                                           **ORDER GRANTING DEFENDANT**
                              Plaintiffs,    **WELLS FARGO BANK'S**
13                                           **UNOPPOSED MOTION TO DISMISS**
     v.
14                                           [Doc. No. 4]
     WELLS FARGO BANK; WELLS
15   FARGO ESCROW; FIRST AMERICAN
     LOAN STAR TRUSTEE SERVICES,
16   LLC; and TIM PEARCE,
17                              Defendants.
18
19
20          Plaintiffs Jena Kearns, Jone Rodley, and The Rodley Family Trust (collectively,
21   "Plaintiffs") commenced this action in the Superior Court of the State of California for
22   the County of San Diego on October 3, 2017.  *See* Doc. No. 1-2.  On January 2, 2018,
23   Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), also erroneously sued separately as
24   Wells Fargo Escrow, removed the instant action to this Court.  *See* Doc. No. 1.  On
25   January 9, 2018, Wells Fargo filed a motion to dismiss Plaintiffs' complaint for failure to
26   state a claim and for failure to plead fraud with particularity.  *See* Doc. No. 4.  On
27   February 5, 2018, Plaintiff Jone Rodley filed an *ex parte* motion requesting a sixty (60)
28   day extension to file an opposition to Wells Fargo's motion to dismiss.  *See* Doc. No. 9.

The Court granted in part Jone Rodley's motion, and set a special briefing schedule. *See* Doc. No. 10. The Court indicated that Plaintiffs' opposition to the motion to dismiss, if any, must be filed on or before February 28, 2018. *See id.* To date, Plaintiffs have not filed an opposition or statement of non-opposition in response to Wells Fargo's motion to dismiss, nor have Plaintiffs filed a motion for leave to file an amended complaint. Moreover, on March 2, 2018, Wells Fargo filed a notice of non-receipt of opposition to its motion to dismiss, which Plaintiffs have not responded to. *See* Doc. No. 12.

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiffs' failure to oppose, and it chooses to do so.[1]

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12 motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, the Court finds dismissal of Plaintiffs' claims as to Wells Fargo pursuant to Civil Local Rule 7.1.f.3.c serves to facilitate the management of its docket.

---

[1] The Court also notes that Plaintiffs' failure to comply with the provisions of Civil Local Rule 7.1.e.2 constitutes a technical failure to comply with the provisions of the Local Rules of this Court, which serves as an additional ground for dismissal pursuant to Civil Local Rule 41.1.b.

Accordingly, the Court **GRANTS** Wells Fargo's unopposed motion and **DISMISSES** Plaintiffs' claims against Wells Fargo without prejudice.[2]  The Clerk of Court is instructed to terminate this action as to Wells Fargo.

**IT IS SO ORDERED.**

Dated:  March 22, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[2]  As such, the Court **DENIES AS MOOT** Wells Fargo's Request for Judicial Notice.  *See* Doc. No. 5.